UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUAN GASPARD AND MICHAEL LEE RICHARDS, On Behalf of the Minor Children, MICHELLE RICHARDS AND MICHAEL LEWIS RICHARDS | * * * * * | CIVIL ACTION |
| VERSUS | * * | NO. 08-747 |
| PROGRESSIVE SECURITY INSURANCE COMPANY and CAPITAL ONE, NATIONAL ASSOCIATION | * * * | SECTION "L" |

**ORDER & REASONS**

Before the Court is Defendant Progressive Paloverde Insurance Company's ("Progressive") Motion for Summary Judgment (Rec. Doc. No. 7). Progressive moves this Court for judgment finding that there is no genuine issue of material fact and that Juan Gaspard's insurance policy was cancelled for nonpayment of premiums prior to the car accident that forms the basis of the instant claim against Progressive. Plaintiffs Juan Gaspard and Michael Lee Richards, on behalf of the minor children, Michelle Richards and Michael Lewis Richards (collectively referred to as "Plaintiffs"), oppose the motion claiming that Progressive failed to comply with statutory requirements for cancellation of the insurance policy, therefore the policy was not effectively cancelled prior to Gaspard's car accident. For the following reasons, Progressive's motion is DENIED.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Progressive issued insurance policy number 19193267-0 to Juan Gaspard. The policy provided for underinsured motorist coverage. Gaspard's record address for the policy was 803

Orange Grove, New Iberia, Louisiana 70560.  Gaspard claims that he informed a Progressive agent via telephone that he was unable to receive mail at the New Iberia address and that he was residing there only temporarily due to Hurricane Katrina.  Additionally, Gaspard claims that after he moved back to St. Bernard parish on or around May 19, 2006,  he again spoke on the telephone with a Progressive agent to inform the agent that the mail system was slow in St. Bernard parish.  During the latter conversation, Gaspard claims that the agent told him to keep his New Iberia address on the policy and that in the case of payment problems, Gaspard would be notified by a call to his cell phone.

On or around October 16, 2006, Gaspard's laptop computer was stolen.  As a result, Gaspard's bank, Capital One, National Association ("Capital One") recommended Gaspard not deposit any large sums of money into his bank account for two billing cycles.  However, according to Gaspard, Capital One informed Gaspard that his already scheduled online payments would be delivered timely.  On or about November 5, 2006, Gaspard alleges that Progressive received a check submitted through Capital One's online payment system for the monthly premium payment and at that time he had deposited sufficient funds to cover the check.  However, on November 14, 2006, Capital One took back the payment made to Progressive on November 5, 2006.  Progressive does not dispute that an electronic payment was sent on November 5, 2006, but argues that this was only a conditional payment which was subsequently cancelled for insufficient funds on November 14, 2006.

According to Progressive, on November 15, 2006, a Notice of Cancellation due to nonpayment of premium was mailed to Gaspard at the New Iberia address stated on the policy.  The Notice stated that the policy would be cancelled as of 12:01 a.m. on November 28, 2006, if the premium owed was not received prior to that date and time.

Progressive states that no payment was received from Gaspard, therefore Gaspard's policy was cancelled effective November 28, 2006, at 12:01 am. Gaspard denies ever receiving notice of cancellation from Progressive.

On December 12, 2006 Gaspard was injured in an automobile accident which also resulted in his wife's death. Progressive denied Gapsard's claim for underinsured motorist coverage on the basis that the accident occurred after Gaspard's policy had been cancelled. Accordingly, Plaintiffs filed suit against Progressive in the 34th Judicial District Court for the Parish of St. Bernard. The suit was subsequently removed to this Court.

## II.    PRESENT MOTION

Progressive moves this Court to grant summary judgment on the basis that the policy it issued to Gaspard was properly cancelled for nonpayment of premiums prior to the accident which forms the basis of Gaspard's claim against Progressive. Progressive asserts that its cancellation of Gaspard's policy was proper based upon La. Rev. Stat. 22:636.1(D)(1) which provides that a Notice of Cancellation must be mailed giving the named insured ten days of notice from the day the Notice of Cancellation is mailed that the policy is to be cancelled for his failure to pay the premium due. Progressive cites La. Rev. Stat. 22:636.1(D)(1) also to show that the Notice of Cancellation was not required to be sent via certified mail. Additionally, Progressive contends that an affidavit from Gaspard swearing that payment was sent and no cancellation notice was received does not preclude summary judgment.

Plaintiffs oppose Progressive's motion arguing that Gaspard paid his premium timely, yet Progressive cancelled his policy without giving proper statutory notice; therefore, summary judgment is not appropriate at this time. Gaspard relies on La. Rev. Stat. 22:636.1(D)(3) which requires that cancellation of an automobile insurance policy must be sent via certified mail to the

insured when the cancellation is the result of a returned check or other negotiable instrument due to insufficient funds. Additionally, Gaspard argues that sworn affidavits attesting to his payment of the premium and the non-receipt of the notice of cancellation create a genuine issue of material fact.

### III.   LAW & ANALYSIS

#### A.   Standard of Review

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee,* 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.* 61 F.3d 313, 315 (5th Cir. 1995).

#### B.   Law and Analysis

Louisiana Revised Statute 22:636.1 governs the cancellation of automobile, property, casualty, and liability insurance policies. La. Rev. Stat. 22:636.1. Section A(6) of La. Rev. Stat. 22:636.1 defines "nonpayment of premium" as the "failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit." Section D(1) provides the notice requirements for an insured to cancel a policy, "when cancellation is for

nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given....*[n]otice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail*." La. Rev. Stat. 22:636.1(D)(1) (emphasis added).

Section D(3) of La. Rev. Stat. 22:636.1 addresses specific cases of nonpayment where "[p]ayment of an initial, renewal, or installment insurance premium by the insured to an insurer or an insurance agent with a check or other negotiable instrument [which] is returned to the payee by the institution upon which it is drawn for insufficient funds available in the account, for lack of credit, for the reason the account is closed, for stopped payment, or for any other reason." Further, section D(3) states that this type of nonpayment "shall be deemed grounds for the insurer to cancel the binder or policy from the date the premium payment was due for the initial or renewal term, whichever is applicable." Notably, section D(3) contains different requirements for notice of cancellation of the policy than where general nonpayment occurs under subsection D(1). Subsection D(3)(b)(ii) states,

> [t]he insured shall immediately, and in no case later than ten days after the agent or premium finance company has notified the insurer, *notify the named insured, by certified mail or delivering to the named insured a written notice that the policy is canceled from the date the premium payment was due*. The insurer shall advise the named insured that the policy shall be reinstated effective from the date the premium payment was due for the term of the policy only if the named insured or his legal representative presents to the insured a cashier's check or money order for the full amount of the returned check or other negotiable instrument within ten days of the date that the notice of cancellation was mailed. (emphasis added).

Whether the nonpayment of an automobile insurance premium is governed by determines The type of notice and delivery required for an insurer to effectively cancel the insurance policy depends on whether section D(1), the general nonpayment provision, or by section D(3), the specific nonpayment provision, governs the cancellation. *Compare Glynn v. Diamond State Ins.*, 864 So.2d 209, 2003-0029 (La. App. 3 Cir. 11/26/03), *and Williams v. Storms*, 835 So.2d 755,

2001-2820 (La. App. 1 Cir. 11/8/02), *with Chelette v. Valentine*, 747 So.2d 69 (La. App. 3 Cir. 6/23/99).  Where the insured fails entirely to pay an insurance premium, Louisiana courts have applied section D(1) which does not require that the insurer send notice of cancellation of policy via certified mail.  *See generally Glynn*, 864 So.2d at 212-13; *Williams*, 835 So.2d at 759-61.  In these cases, whether the insurer effectively cancelled the policy depends upon whether, first, the insurer provides with prima facie evidence of mailing the notice, and, second, whether the insured overcomes the rebuttable presumption of delivery with evidence of nondelivery.  *Glynn*, 864 So.2d at 213; *Williams*, 835 So.2d at 761.  Where the insured puts forth such evidence, summary judgment is inappropriate.  *Compare Glynn*, 864 So.2d at 213 (granting summary judgment where insurer put forth evidence of mailing notice of cancellation while the insured failed to show evidence of the insurer's nondelivery), *with Williams*, 835 So.2d at 761 (denying summary judgment where insured filed sworn testimony rebutting insurer's evidence of delivery of notice of cancellation).

      However, where the insured's nonpayment of premium is the result of a returned check or other negotiable instrument by the institution upon which it is drawn for insufficient funds, lack of credit, closure of the account, stopped payment, or any other reason, Louisiana courts have applied section D(3).  La. Rev. Stat. 22:636.1(D)(3); *see e.g. Chelette v. Valentine*, 747 So.2d 69 (La. App. 3 Cir. 6/23/99).  For example, in *Chelette v. Valentine*, 747 So.2d 69 (La. App. 3 Cir. 6/23/99), the court determined that an insured's stopped payment on his premium check fell under section D(3), rather than section D(1), because stopped payment was one of the specific situations addressed in section D(3) and  "a specific provision of law prevails in cases of conflict between general and specific laws on the same topic."  Following the requirements under section D(3)(b), the court found that in order for the insurer to give effective notice of

cancellation, it must send the notice by certified mail or by delivering a written notice. *Chelette*, 747 So.2d at 72. The court held that summary judgment was inappropriate because the insurer's notice of cancellation was sent regular mail rather than by certified mail and therefore, cancellation of the policy was ineffective. *Id*.

In the instant case, a preliminary determination whether Gaspard's nonpayment of premium falls under section D(1) or D(3) is necessary before this Court can consider whether Progressive effectively cancelled Gaspard's insurance policy prior to his accident. Progressive argues that Gaspard's conditionally credited electronic payment which was later cancelled for insufficient funds, constituted a failure to pay premium. Plaintiffs argue that Gaspard paid Progressive the premium, but Capital One later cancelled the payment for insufficient funds, an error according to Plaintiffs because sufficient funds were in the account at the time of payment. At the present time, it is not clear whether Gaspard's electronic payment constituted a nonpayment because it was conditional payment and thus should be governed by subsection D(1) or constituted a payment that was subsequently returned by Capitol One and thus should be governed by subsection D(3). Moreover, even if the cancellation is governed by subsection D(1), there may well be an issue of fact as to whether the insured can overcome the rebuttable presumption of delivery with evidence of nondelivery. As a result, there exists a genuine issue of material fact as to the nature of Gaspard's nonpayment and accordingly, at this time, this Court is unable to address whether Progressive's notice of cancellation effectively cancelled Gaspard's policy before the accident at issue.

## IV.   CONCLUSION

Accordingly, IT IS ORDERED that Defendant Progressive Paloverde Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 7) is DENIED.

New Orleans, Louisiana, this 9th day of December, 2008.

                                          UNITED STATES DISTRICT JUDGE